## BENJAMIN F. HASKINS *vs.* THEODORE SHILLABER.

In an action to recover the purchase money for a ship and her appurtenances, among
which was enumerated "thirty tons of pig iron ballast," it appeared that the bal-
last turned out but thirteen and a half tons, and defendant was allowed a corres-
ponding deduction from the gross price.

This was an action of assumpsit to recover the sum of $1360 with
interest from the 28th day of January, 1848. The plaintiff introduc-
ed evidence showing that on the 28th of January last the Peruvian
brig "Enriqueta," of which he was captain, was sold by F. W.
Thompson, auctioneer, to the defendant for the sum of $1360, and
that the same was a cash saie. The defence was, that by the terms
of the sale, the vessel was to contain thirty tons of pig iron ballast—
that instead of containing thirty tons as by contract, she contained
only 13½ tons, and that the defendant was entitled to a deduction
from the price bid, equivalent to the value of the ballast wanting.
Evidence was offered showing the value of pig iron ballast to range
from fifty to one hundred dollars per ton on shore, and from forty to
fifty dollars per ton on board vessels.

The plaintiff contended that the auctioneer had exceeded his au-
thority in selling the ballast for thirty tons, and that he was not bound
by his warranty of quantity. That the ballast as stated in the inventory
of the vessel left with the Peruvian Consul, was thirty tons "more or
less." The defence proved by the auctioneer that the inventory left
with him by the plaintiff contained the item "thirty tons of pig ballast"
without the qualifying clause "more or less," and that by this inven-
tory he sold the vessel, &c.

CHIEF JUSTICE LEE charged the jury that the plaintiff pursuing his remedy on the contract, thereby affirmed the sale, and could not therefore deny the authority of his agent the auctioneer. That to do this would be to invalidate the whole ground of his present action. That the plaintiff, if the auctioneer exceeded his authority, or if the defendant did not pay the price bid before taking the vessel, might have rescinded the sale, and upon refusal of the defendant to return the vessel, brought an action of trespass against the defendant and recovered the highest price that he could prove the vessel and appurtenances to be worth; but that electing to pursue his remedy upon the contract of sale, he had affirmed the same, and must abide by its terms. That if the jury found any deficiency in the ballast sold, the defendant should be allowed for such defect. But at what rate was the allowance to be made ? Most clearly not at the rate of one hundred dollars per ton, for this would more than swallow up the whole price bid—neither could it be made at fifty or even forty dollars per ton. The value of the iron on shore or in the vessel, said the court, has nothing to do with this allowance. The allowance must be made in proportion to the price paid for the iron, be it more or less than its value. To fix upon the price paid for the iron, when the vessel, her sails, ballast, &c., were sold as an entirety, for an entire price, would in the present state of the evidence be a very difficult matter. That before the jury could make the deduction claimed, they must fix upon some valuation as the price paid for the iron, and then deduct in proportion to that price.

The jury returned a verdict for the plaintiff for $1029 20.

Mr. DeFiennes and Mr. Hawes for plaintiff.

Mr. Jasper for defendant.